ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAY 23 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| George Hernandez, § § Plaintiff, § § v. § § Metropolitan Atlanta Rapid § Transit Authority (MARTA), § and § Wanda Dunham, individually § and in her official capacity as § Chief of Police of the MARTA § Police Department, § § Defendants. § | Civil Action No. 1:08-CV-1852 Jury Trial Demanded TCB |

## COMPLAINT

### Jurisdiction and Venue

1.

The Plaintiff, George Hernandez (hereinafter "Plaintiff"), brings this action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, including the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and 42 U.S.C. 1983 ("Section 1983").

2.

The court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4) and 1337, and 42 U.S.C. § 2000e - 5(f)(3) in that this is an action arising under the laws of the United States.

3.

Defendant, Metropolitan Atlanta Rapid Transit Authority (hereinafter "MARTA" or "Defendant"), is now, and at all times relevant to this action has been, a governmental entity that provides public transportation in Fulton and DeKalb counties in Georgia. MARTA receives at least $188 million annually in federal financial assistance.

4.

Defendant MARTA is engaged in an industry affecting commerce, namely the planning, building, maintenance, and operation of a comprehensive bus and rail system in the metropolitan Atlanta, Georgia area. At all times relevant to this lawsuit, Defendant MARTA employed in excess of five hundred employees.

5.

At all times pertinent to this action, Defendant MARTA was an "employer" within the meaning of Title VII.

6.

Defendant Wanda Dunham is now, and at all times relevant to this action has been, the Chief of Police at the MARTA Police Department. Defendant Dunham resides in the Northern District of Georgia.

7.

This action properly lies in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §1391(c) because the Defendants are located in and are conducting business in this judicial district.

8.

Defendants are subject to the jurisdiction of this Court.

9.

Plaintiff is an adult White (Caucasian) male and currently a resident of the Northern District of Georgia. Plaintiff submits to the jurisdiction of this court. Plaintiff is now, and at all times relevant to this action has been, an "employee" of Defendant as defined by Title VII.

10.

Plaintiff has been employed by Defendant to perform services within the Northern District of the State of Georgia. The Court has venue over this matter pursuant to 28 U.S.C. § 1391 (b) and (c), and 42 U.S.C. § 2000e-5(f)(3).

11.

Plaintiff filed two timely charges of discrimination against Defendant MARTA with the Equal Employment Opportunity Commission (EEOC) in Atlanta, Georgia, and received a right to sue letter from that agency regarding the initial charge within ninety (90) days of the filing of this Complaint. Plaintiff will seek a second right to sue notice as to the second charge. Plaintiff has complied with all other conditions precedent to the institution of this lawsuit. Thus, this action is properly before this Court.

## Factual Allegations

12.

Plaintiff began his employment with the MARTA Police Department (Department) in October, 1990.

13.

Plaintiff progressed up through the ranks of the Department until he reached his current rank of Lieutenant in 1998. With ten years of supervisory experience, Plaintiff has more years of command experience than anyone in the Department, other than Defendant Police Chief Dunham.

14.

At all times prior to the incidences giving rise to this action, Plaintiff performed his duties well and to the satisfaction of his superiors. In fact, Plaintiff has won a number of awards for his job performance.

15.

Upon information and belief, other than Defendant Dunham, Plaintiff is the only employee of the MARTA Police Department who has completed Georgia Law Enforcement Command College.

16.

Plaintiff has an undergraduate degree in Philosophy from Georgia State University, and a Master's degree in Public Administration from Columbus State University.

17.

Defendant Dunham became the Chief of Police in December of 2006. Since then, there has been a pattern and practice of discrimination against White employees on account of their race, as well as retaliation for complaints of discrimination.

18.

In June of 2006, MARTA advertised a job vacancy for Assistant Chief in the Police Department. MARTA personnel policies require that MARTA make every attempt to promote employees from within the organization. The MARTA job posting required one year of experience in senior management level responsibilities.

19.

Plaintiff applied for the Assistant Chief position. However, the position was awarded to Joseph Dorsey, a less qualified Black male from outside of MARTA.

20.

In June of 2006, MARTA also announced a vacancy for the position of Major. The job posting required two years of lieutenant's level management duties.

21.

Plaintiff applied for the Major position. However, the position was awarded to Nelvette Easterling, a less qualified Black female, who did not have the required time served in a lieutenant's position.

22.

Plaintiff informally complained about possible discrimination and began documenting events in the Department.

23.

On or about September 6, 2006, Plaintiff handled a reported armed robbery call. He detained three suspects and did a field investigation. He suspected that the alleged victim was not telling the truth, and advised him of the consequences thereof. The alleged victim refused to prosecute the matter. The incident was deemed unfounded in the field and all parties were released. Based upon the operational custom in the MARTA Police Department not to write a report unless there is some reason to believe that a crime occurred, Plaintiff did not prepare a report of this incident.

24.

On January 17, 2007, more than four months after the incident, Plaintiff received a disciplinary action for violation of his supervisory responsibilities for not writing a report of the September 6, 2006 incident.

25.

Similarly situated Black employees who did not prepare a written incident report for the same type of occurrence, did not receive disciplinary action.

26.

On or about December 16, 2006, several cars in one of the MARTA parking lots were vandalized. Plaintiff was on duty that day. On or about January 17, 2007, Plaintiff received a disciplinary action for not preventing the vandalism, along with a disciplinary notice for not writing a report about the September 6, 2006 incident.

27.

Similarly situated Black employees who had cars vandalized or stolen on their watch, did not receive disciplinary action.

28.

In about mid-March 2007, Plaintiff was transferred to a different shift, reporting to Major Toni Shavers, a Black female. Major Shavers informed Plaintiff

that she would be taking some leave in the near future, and wanted Plaintiff to fill in for her as the precinct commander for several weeks.

29.

On March 12, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that he was being discriminated against on account of his race in regard to both promotions and discipline.

30.

Shortly after MARTA learned that Plaintiff had filed his EEOC charge, Plaintiff was advised that Lieutenant Rodney Treadwell, a Black male, would be serving in the place of Major Shavers as the precinct commander for several weeks instead of Plaintiff.

31.

On or about June 6, 2007, a job vacancy for Assistant Chief was announced. Plaintiff applied for the job, but was not even interviewed for the job. Ronald Richardson, the Black candidate who got the job, was less qualified for the position than Plaintiff.

32.

In August 2007, MARTA announced another job vacancy for Major. This job posting was modified from all previous postings, as it excluded anyone who received disciplinary actions disciplinary actions at the sanction level or above within the last twelve months. This change excluded only Plaintiff among lieutenants who met the current criteria for the job. The five remaining lieutenants who met the current criteria for the job were black. Elfrin Glover, a Black candidate with lesser qualifications than Plaintiff, was given the job.

33.

In September 2007, Plaintiff was given an annual performance evaluation with a review date of July 17, 2007 and an overall rating of Unsatisfactory.

34.

In September 2007, for the first time in his 18 years at MARTA, Plaintiff was placed on a 90-day Corrective Action Plan. The Corrective Action Plan was implemented nine months after the last alleged disciplinary infraction that the plan was designed to correct.

35.

Plaintiff's job performance throughout 2007 was exemplary, and Plaintiff has received no negative actions based on his performance in 2007 or 2008.

**PRAYER FOR RELIEF**

**COUNT I**

Title VII - Discrimination

36.

Plaintiff hereby incorporates as if set forth fully here paragraphs 1 through 35 of this Complaint.

37.

Defendant MARTA's actions in subjecting Plaintiff to different terms and conditions of employment and in failing to promote Plaintiff to open positions for which he was the most qualified individual, on account of his race, constitutes unlawful intentional discrimination in violation of Title VII.

38.

Defendant MARTA acted with malice and reckless indifference to Plaintiff's federally protected rights.

39.

As a result of the unlawful actions of Defendant MARTA, Plaintiff has suffered loss of income, as well as emotional pain, suffering, mental anguish and other non-pecuniary losses

## COUNT II

Title VII - Retaliation

40.

Plaintiff hereby incorporates as if set forth fully here paragraphs 1 through 39 of this Complaint.

41.

Defendant MARTA's actions in retaliating against Plaintiff on account of his complaints of race discrimination constitutes unlawful retaliation in violation of Title VII.

42.

Defendant MARTA acted with malice and reckless indifference to Plaintiff's federally protected rights.

43.

As a result of the unlawful actions of Defendant MARTA, Plaintiff has suffered loss of income, as well as emotional pain, suffering, mental anguish and other non-pecuniary losses.

## COUNT III

Section 1981 - Race Discrimination

44.

Plaintiff hereby incorporates as if set forth fully here paragraphs 1 through 43 of this Complaint.

45.

Defendants' actions in subjecting Plaintiff to different terms and conditions of employment and in failing to promote Plaintiff to open positions for which he was the most qualified individual, on account of his race, constitute unlawful intentional discrimination in violation of Section 1981.

46.

Defendants acted with malice and reckless indifference to Plaintiff's federally protected rights.

47.

As a result of the unlawful actions of Defendants, Plaintiff has suffered loss of income, as well as emotional pain, suffering, mental anguish and other non-pecuniary losses.

## COUNT IV

Section 1981 - Retaliation

48.

Plaintiff hereby incorporates as if set forth fully here paragraphs 1 through 47 of this Complaint.

49.

Defendants' actions in retaliating against Plaintiff on account of his complaints of race discrimination constitutes unlawful retaliation in violation of Section 1981.

50.

Defendants acted with malice and reckless indifference to Plaintiff's federally protected rights.

51

As a result of the unlawful actions of Defendants, Plaintiff has suffered loss of income, as well as emotional pain, suffering, mental anguish and other non-pecuniary losses.

## COUNT V

Section 1983 - Equal Protection

52.

Plaintiff hereby incorporates as if set forth fully here paragraphs 1 through 51 of this Complaint.

53.

At all times relevant hereto, the Defendants acting under the color of law, discriminated against Plaintiff on account of his race by subjecting Plaintiff to different terms and conditions of employment and failing to promote him to open positions for which he was the most qualified individual, and have committed unlawful employment practices in violation of 42 U.S.C. § 1983 and Plaintiff's right to equal protection under the law.

54.

The above acts and activities on the part of Defendants have restrained, coerced and denied, and continue to restrain, coerce and deny to Plaintiff his rights to equal protection, equal privileges and immunities granted by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

55.

Defendants acted with malice and reckless indifference to Plaintiff's federally protected rights.

56.

As a result of the unlawful actions of Defendants, Plaintiff has suffered loss of income, as well as emotional pain, suffering, mental anguish and other non-pecuniary losses.

WHEREFORE, Plaintiff demands a TRIAL BY JURY and judgment as follows:

a) adjudging Defendants to have engaged in unlawful employment practices in violation of Title VII, Section 1981 and Section 1983;

b) enjoining Defendants from engaging in unlawful employment practices in violation of Title VII, Section 1981, and Section 1983;

c)  promoting Plaintiff to the position of Assistant Chief;

d)  awarding Plaintiff compensatory damages for violation of his statutory rights in an amount to be determined by the enlightened conscience of the jury, including damages for emotional distress and humiliation;

e)  awarding Plaintiff punitive damages for the unlawful intentional discrimination and retaliation against him;

f)  awarding Plaintiff pre- and post-judgment interest;

g)  awarding Plaintiff his costs, expenses of litigation and reasonable attorneys' fees; and

h)  awarding Plaintiff all other relief to which he is entitled.

Respectfully submitted, this 23rd day of May, 2008.

Thompson, Rollins, & Schwartz, LLC

By: *Debra Schwartz*
Debra E. Schwartz
State Bar No. 631035
Jule S. Northup
State Bar No. 546698

THOMPSON, ROLLINS & SCHWARTZ
160 Clairemont Ave. Suite 595
Decatur, Georgia 30030
(404) 377-7717
fax (404) 377-5119
des@trsbattorneys.com
jsn@trsbattorneys.com